IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA CRAIN; CATHEE CRAIN;
MARILLYN CRAIN BRODY; and
KRISTAN SNELL                                                          PLAINTIFFS

V.                              CASE NO. 2:20-CV-2038

SHIRLEY CRAIN; BRIAN POPE;
LEE JACKSON; and RAY FULMER,
as Representative of the Estate
of H.C. "Dude" Crain, Jr., Deceased                                    DEFENDANTS

## OPINION AND ORDER

Now before the Court is separate Defendant Brian Pope's Motion to Quash Subpoenas, and, in the Alternative, Motion for Protective Order (Doc. 79). Plaintiffs issued subpoenas to American Express; Bank of America; The Bank of New York; Citi Bank; First Security Bank; JP Morgan Chase; First Oklahoma Bank; Wells Fargo Bank; Gammill, Boyd & Anderson, as Custodian of Records; Ken McCubbin and Lawrence, Schluterman & Schwartz, LTD, as Custodian of Records; Phillip Richman; and Stephens, Inc. See Doc. 75-1. These subpoenas seek "[a]ll documents and/or electronically stored information from 1980 to present for accounts in which . . . Brian Pope . . . or any business entities owned by [him has] any interest," including documents for the "Brian Pope First Amended Trust." Id. The subpoenas also seek "all monthly/quarterly/yearly statements for any such accounts" and all written or electronic communications between Mr. Pope and his accountants or financial institutions. Id.

Mr. Pope contends that these subpoenas are overbroad because his financial information prior to 1989 could not possibly be relevant to the claims and defenses in the lawsuit. Mr. Pope's mother, separate Defendant Shirley Crain, and his step-father, now-

1

deceased H.C. "Dude" Crain, were married in 1989, just after Dude finalized his divorce with his former wife (Plaintiffs' mother). Mr. Pope also argues that the subpoenas ask for *all* documents and information related to him, his business entities, and his trust, when only those transfers he received from his mother or step-father and communications related to those transfers would be relevant. Finally, he contends that documents and communications concerning his various business entities may include confidential commercial information, which, if disclosed, "would place Mr. Pope at a significant competitive disadvantage." (Doc. 80, p. 7).

In response to the Motion, Plaintiffs' first argument is that it is untimely. Second, they argue that the account information requested in the subpoenas is relevant to the lawsuit, but concede that the temporal scope of those documents should be limited to 1989 to the present. Third, they maintain that there is nothing confidential and proprietary about the information sought in the subpoenas. The Court will consider these arguments in turn.

## I. TIMELINESS OF MOTION

Federal Rule of Civil Procedure 45(d)(2)(B) states that objections to a subpoena for production of documents should "be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Plaintiffs have failed to inform the Court when these subpoenas were actually served. The return date on the subpoenas was January 26, 2021. (Doc. 75-1). Mr. Pope's Motion to Quash was electronically served on January 21, 2021—five days before the return date on the subpoenas. The Court concludes that Mr. Pope's objections to the subpoenas were timely served under Rule 45.

2

## II. RELEVANCE OF INFORMATION SOUGHT IN THE SUBPOENAS

### A. Temporal Scope and Subject Matter

The subpoenas seek documents and information "from 1980 to the present," despite the fact that Plaintiffs admitted in their response that the financial discovery in this case has been limited to 1989 to the present. *See* Doc. 84, p. 2. The Court finds that Mr. Pope's financial and business information prior to 1989 is not relevant to the claims and defenses at issue in this lawsuit. A protective order will be entered to memorialize that finding.

The Court also finds that *all* of Mr. Pope's financial transactions and information from 1989 to the present day cannot possibly be relevant to the instant lawsuit. Rather, the relevant information appears to consist only of transfers of money or property (and communications concerning those transfers) made by either Shirley or H.C. "Dude" Crain to either Mr. Pope or the Brian Pope First Amended Trust. The request for documents related to "any business entities owned by [Brian Pope]" or businesses in which he has "any interest" is overbroad. The Court will enter a protective order memorializing all of these findings.

### B. Confidential Nature of the Documents Sought

"In general, a motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Mayhall v. Berman & Rabin, P.A.*, 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013) (citation and internal quotation marks omitted). Assuming without deciding that Mr. Pope has standing to object to the production of his financial

3

information and communications by third-party banks and financial consultants, it appears the information sought in these subpoenas is both relevant and not readily obtained from any other source. Moreover, Mr. Pope has failed to present a convincing argument that his financial information is subject to protection under Rule 45(d)(3)(B) as "a trade secret or other confidential research, development, or commercial information." Although he posits that "the disclosure of such information would place [him] at a significant competitive disadvantage," he fails to consider the fact that the Court has entered a protective order in this case. *See* Doc. 72. That protective order prohibits the public disclosure of the information that is returned by the subpoenas. Mr. Pope offers no plausible reason why he would suffer economic harm if his information were disclosed pursuant to the terms of the protective order.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Separate Defendant Brian Pope's Motion to Quash Subpoenas, and, in the Alternative, Motion for Protective Order (Doc. 79) is **GRANTED IN PART AND DENIED IN PART**. The Court declines to quash the subpoenas (Doc. 75-1) and instead enters the following protective order:

(1) **IT IS ORDERED** that documents responsive to the subpoenas are to be marked by Plaintiffs' counsel with the designation "attorneys' eyes only" ("AEO") as they are received. These documents may not be shared with any person who is not an attorney of record in this case.

(2) Immediately after the documents are received and so marked, Plaintiffs' counsel must provide a complete copy to counsel for Mr. Pope.

4

(3) To the extent Plaintiffs' counsel identify any document in the production that contains financial transactions or communications they believe are relevant to the claims and defenses in this case, they must confer with counsel for Mr. Pope and come to an agreement regarding the removal of the document's AEO designation.[1] The Court finds that transactions and financial information dating from 1989 to the present are potentially relevant, and transfers of money or property (and communications concerning those transfers) made by either Shirley or H.C. "Dude" Crain to either Mr. Pope or the Brian Pope First Amended Trust are also potentially relevant. If counsel are unable to agree on the removal of an AEO designation after conferring in good faith, they may email the Court for guidance and provide the disputed document or documents for *in camera* review.

**IT IS SO ORDERED** on this 1st day of March, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] Although the documents would continue to be subject to the terms of the original protective order.

5