IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LISA CRAIN; CATHEE CRAIN;**
**MARILLYN CRAIN BRODY; and**
**KRISTAN SNELL**                                                                                          **PLAINTIFFS**

V.                                         CASE NO.: 2:20-cv-02038

**SHIRLEY CRAIN and**
**RAY FULMER, as Administrator**
**of the Estate of H.C. "Dude" Crain, Jr.**                                                **DEFENDANTS**

## ORDER

Currently before the Court is separate Defendant Shirley Crain's Motion for Approval of the Supersedeas Bond, or in the Alternative, to Post an Irrevocable letter of Credit as Security Pending Disposition of the Appeal (Doc. 251). Plaintiffs filed a Response (Doc. 252) finding no fault with the proposed bond but objecting to the letter of credit. Upon review, the Court **APPROVES** the form of the proposed supersedeas bond (Doc. 251-1) and finds it sufficient to secure a portion of the Court's Judgment (Doc. 204). Specifically, the supersedeas bond is accepted to secure the value of those certain constructive trust assets and proceeds described as being "held for plaintiffs," plus post-judgment interest, while the case is on appeal (Doc 226). See also Docs. 249, pp. 17-18, and 203, pp. 52-60. Per the Court's previous order (Doc. 249), Mrs. Crain has ten (10) calendar days from today's date to present the fully executed original version of the bond to the Clerk's Office in Ft. Smith.[1] The original executed version of

---

[1]The visual appearance of the bond should be cleaned up and omit unnecessary brackets that surround the bond specific information that has been inserted into the surety's form.

1

Mrs. Crain's personal guarantee of special conditions (Doc. 251-3) must also be presented to the Clerk's Office as a separate addendum to the supersedeas bond.

The Court declines Mrs. Crain's request to allow her to post a letter of credit in lieu of the bond. The Court agrees with Plaintiffs' substantive criticisms (Doc. 252) of the proposed letter of credit. In particular, the bank's discretion to non-renew the letter of credit after the initial one-year term renders it a wholly inadequate substitute for a supersedeas bond.

**IT IS THEREFORE ORDERED** that Defendant Shirley Crain's Motion for Approval of the Supersedeas Bond, or in the Alternative, to Post an Irrevocable letter of Credit as Security Pending Disposition of the Appeal (Doc. 251) is **GRANTED IN PART** as to the proposed supersedeas bond **AND DENIED IN PART** as to the proposed letter of credit.

Upon timely presentation of the original executed bond and addendum to the Clerk for filing,[2] any proceeding to enforce that portion of the Judgment described above will be **STAYED**, pursuant to Fed. R. Civ. P. 62(d), while this matter is on appeal and until a mandate is issued by the appellate court.[3]

---

[2] The Clerk is instructed to retain the originals for safekeeping.

[3] To be clear, the supersedeas bond does not stay that portion of the Judgment which directs Mrs. Crain to "deliver the assets in Table 1 of the Order to the Administrator of the Estate of H.C. "Dude" Crain, Jr" (Doc. 204) "by no later than Friday, April 8, 2022" (Doc. 249, p.19).  However, as a practical matter, Mrs. Crain's agreement to provide the estate administrator, Ray Fulmer, "with reasonable access to inspect and inventory the personal property and household effects impressed by the constructive trust," (Docs. 249, p. 18 and 251-3) is sufficient to secure the joint household effects for the time being.  That said, Mr. Fulmer and  the Sebastian County Probate Court are *not stayed* from administering these non-specified items of personal property and household effects in the normal course of the estate proceedings.

**IT IS SO ORDERED** this 8th day of April, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE